**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**TAMPA DIVISION**

_____
                                          )
**FEDERAL TRADE COMMISSION,**             )
                                          )
    **Plaintiff,**             )
                                          )
    **v.**                     )
                                          )  **Case No. 8:13-cv-1329-T-33-TBM**
**RESORT SOLUTION TRUST, INC.**           )
    **a Florida corporation,**  )
                                          )
**LINCOLN RENWICK II, individually and as**  )
    **owner, officer, or manager of Resort**  )
    **Solution Trust, and**     )
                                          )
**ANTHONY TALAVERA, individually and as**  )
    **owner, officer, or manager of Resort**  )
    **Solution Trust,**         )
                                          )
    **Defendants.**             )
_____)

**STIPULATED PRELIMINARY INJUNCTION WITH**
**ASSET FREEZE AND APPOINTMENT OF A RECEIVER**

Plaintiff, Federal Trade Commission ("FTC"), filed its Complaint for Permanent

Injunction and Other Equitable Relief in this matter, pursuant to Sections 13(b) and 19 of the

Federal Trade Commission Act ("FTC Act"), 15 U.S.C. § 53(b) and 57b, and the

Telemarketing and Consumer Fraud and Abuse Prevention Act ("Telemarketing Act"), 15

U.S.C. §§ 6101-6108, and moved for a preliminary injunction and other relief pursuant to

Rule 65 of the Federal Rules of Civil Procedure.

The Commission and all Defendants have consented to entry of this Stipulated

1

Preliminary Injunction with Asset Freeze and Appointment of a Receiver ("Stipulated PI Order").

NOW, THEREFORE, the Commission and Defendants, having requested the Court to enter this Stipulated PI Order, and the Court having considered the Stipulated PI Order and for other cause appearing, it is **ORDERED, ADJUDGED, AND DECREED** as follows:

1.      This Court has jurisdiction over the subject matter of this case and has jurisdiction over the parties.

2.      Venue, process, and service of process are proper.

3.      There is good cause to believe that Resort Solution Trust, Inc., Lincoln Renwick II, and Anthony Talavera (collectively "Defendants") have engaged in, and are likely to engage in the future in, acts and practices that violate Section 5(a) of the FTC Act, 15 U.S.C. § 45(a), and the FTC's Trade Regulation Rule entitled "Telemarketing Sales Rule" ("TSR"), 16 C.F.R. Part 310, and that the Plaintiff is therefore likely to prevail on the merits of this action.

4.      There is good cause to believe that consumers will suffer continuing harm unless Defendants are enjoined by an Order of this Court.  The FTC's memorandum in support of its motion for preliminary relief and the accompanying declarations and exhibits demonstrate that it is likely that Defendants have engaged in illegal activity in connection with the sale of timeshare resale services.

5.      There is good cause to believe that immediate and irreparable damage to the Court's ability to grant effective final relief for consumers in the form of monetary restitution will occur from the sale, transfer, or other disposition or concealment by

Defendants of their assets or corporate records unless Defendants are enjoined by order of this Court.  Thus, there is good cause for an asset freeze and the appointment of a receiver over the corporate Defendant, Resort Solution Trust, Inc.

6.     Defendants neither admit not deny any of the allegations in the Complaint, except as specifically stated in this Order.  Only for the purposes of this action, Defendants admit the facts necessary to establish jurisdiction.

7.     Weighing the equities and considering Plaintiff's likelihood of ultimate success, a Preliminary Injunction is in the public interest.

8.     No security is required of any agency of the United States for issuance of a Preliminary Injunction order.  Fed. R. Civ. P. 65(c).

## DEFINITIONS

For purposes of this Stipulated PI Order, the following definitions shall apply:

1.     **"Asset"** or **"assets"** means any legal or equitable interest in, right to, or claim to any real or personal property, including, but not limited to, "goods," "instruments," "equipment," "fixtures," "general intangibles," "inventory," "checks," or "notes," (as these terms are defined in the Uniform Commercial Code), lines of credit, chattels, leaseholds, contracts, mail or other deliveries, shares of stock, lists of consumer names, accounts, credits, premises, receivables, funds, and all cash, wherever located.

2.     **"Assisting others"** includes, but is not limited to, providing any of the following services to any person or entity: (1) performing customer service functions, including, but not limited to, receiving or responding to consumer complaints; (2) formulating or providing, or arranging for the formulation or provision of, any sales script,

other marketing material, or marketing services of any kind; (3) providing names of, or assisting in the generation of, potential customers; (4) providing credit card merchant processing accounts, or otherwise providing access to a billing and collection system (such as a credit card, checking, savings, share or similar account, utility bill, telephone bill, mortgage loan account or debit card), or causing any charges to be made to such an account or utilizing such a system; or (5) acting as an officer or director of a business entity.

3.      "**Billing information**" means any data that enables any person to access a customer's or donor's account, such as a credit card, checking, savings, share or similar account, utility bill, mortgage loan account, or debit card.

4.      **"Individual Defendants"** means Lincoln Renwick II and Anthony Talavera and by whatever other names they may be known.

5.      **"Corporate Defendant" or "Receivership Defendant"** means Resort Solution Trust, Inc., and its successors and assigns, as well as any subsidiaries, and any fictitious business entities or business names created or used by this entity.

6.      **"Defendants"** means the Individual Defendants and the Corporate Defendant, individually, collectively, or in any combination.

7.      **"Document"** or "**documents**" means any materials listed in Fed. R. Civ. P. 34(a), and includes writings, drawings, graphs, charts, photographs, audio and video recordings, computer records, and other data or data compilations, stored in any medium, from which information can be obtained either directly or, if necessary, after translation into a reasonably usable form through detection devices.  A draft or non-identical copy is a separate "document" within the meaning of this term.

8.      "**Financial institution**" means any bank, savings and loan institution, credit union, or any financial depository of any kind, including, but not limited to, any brokerage house, trustee, broker-dealer, escrow agent, title company, commodity trading company, or precious metal dealer.

9.      "**Material**" means likely to affect a person's choice of, or conduct regarding, goods or services.

10.     "**Person**" means a natural person, an organization or other legal entity, including a corporation, partnership, sole proprietorship, limited liability company, association, cooperative, or any other group or combination acting as an entity.

11.     "**Plaintiff**" mean the Federal Trade Commission ("Commission" or "FTC").

12.     "**Telemarketing**" means any plan, program, or campaign (whether or not covered by the TSR, 16 C.F.R. Part 310) that is conducted to induce the purchase of goods or services or a charitable contribution by use of one or more telephones.

## I. PROHIBITED BUSINESS ACTIVITIES

**IT IS THEREFORE ORDERED** that Defendants, and their officers, agents, servants, employees, attorneys, and all other Persons who are in active concert or participation with any of them, who receive actual notice of this Stipulated PI Order by personal service or otherwise, whether acting directly or indirectly, in connection with the telemarketing, advertising, marketing, promoting, offering for sale, or sale of any timeshare resale or rental  services, are hereby restrained and enjoined from:

A.      Misrepresenting, or assisting others in misrepresenting, directly or indirectly, expressly or by implication, that Defendants have a buyer or renter for a consumer's

5

timeshare property who will pay a specified price or that Defendants will quickly sell or rent a consumer's timeshare; and

B.      Violating, or assisting others in violating, any provision of the TSR, including, but not limited to:

1.      Section 310.3(a)(4) of the TSR, 16 C.F.R. §310.3(a)(4), by making any false or misleading statement to induce any person to pay for goods or services;

2.      Section 310.4(b)(1)(iii)(B) of the TSR, 16 C.F.R. §310.4(b)(1)(iii)(B), by engaging in, or causing others to engage in, initiating an outbound telephone call to a Person's telephone number on the National Do Not Call Registry in connection with Telemarketing; and

3.      Section 310.8 of the TSR, 16 C.F.R.§310.8, by initiating or causing others to initiate, in connection with Telemarketing, an outbound call to a telephone number in a given area code when Defendants have not, either directly or through another Person, paid the required annual fee for access to the telephone numbers within that area code that are included in the National Do Not Call Registry.

## II.  ASSET FREEZE

**IT IS FURTHER ORDERED** that Defendants, and their officers, agents, servants, employees, attorneys, and all other Persons who are in active concert or participation with them, who receive actual notice of this Stipulated PI Order by personal service or otherwise, whether acting directly or indirectly, are hereby restrained and enjoined from:

A.      Transferring, liquidating, converting, encumbering, pledging, loaning, selling, concealing, dissipating, disbursing, assigning, spending, withdrawing, granting a lien

6

or security interest or other interest in, or otherwise disposing of any funds, real or personal property, automobiles, accounts, contracts, consumer lists, coins, precious metals, artwork, shares of stock, uncashed checks, or other Assets, or any interest therein, wherever located, including any Assets outside the territorial United States, that are:

1.      owned, controlled or held by, in whole or in part, for the benefit of, or subject to access by, or belonging to, any Defendant;

2.      in the actual or constructive possession of any Defendant, including, but not limited to any Assets held for or by any Defendant in any account at any bank or savings and loan institution, or any credit card processing agent or agent providing electronic fund transfer services or automated clearing house processing, network transaction processor, bank debit processing agent, customer service agent, commercial mail receiving agency, or mail holding or forwarding company, or any credit union, retirement fund custodian, money market or mutual fund, storage company, trustee, or with any broker-dealer, escrow agent, title company, commodity trading company, precious metal dealer, or other financial institution or depository of any kind, either within or outside the territorial United States;

3.      held by an agent of any Defendant as a retainer for the agent's provision of services to any Defendant; or

4.      owned, controlled by, or in the actual or constructive possession of, or otherwise held for the benefit of, any corporation, partnership or other entity directly or indirectly owned, managed or controlled by any Defendant.

7

B.      Opening or causing to be opened any safe deposit boxes, commercial mail boxes, or storage facilities titled in the name of, or for the use or benefit of, any Defendant, or subject to access by any Defendant, or under the control of any Defendant;

C.      Incurring charges or cash advances on any credit card, debit card, or lines of credit issued in the name, individually or jointly, of any Defendant;

D.      Obtaining a personal or secured loan obligating any Defendant;

E.      Cashing any checks or depositing any payments from customers or clients of Defendants received in payment for Corporate Defendant's services; or

F.      Incurring liens or other encumbrances on real property, personal property, or other Asset titled in the name, individually or jointly, of any Defendant or of any corporation, partnership, or other entity directly or indirectly owned, managed, or controlled by any Defendant.

The Assets affected by this Section shall include both existing Assets and Assets acquired after the effective date of this Stipulated PI Order.

*Provided, however*, that:

(a) the asset freeze does not apply to future earnings of the two Individual Defendants that are unrelated to timeshare advertising and resales;

(b) the asset freeze may be lifted as to Bank of America accounts ending with 5082 (for Lincoln Renwick dba Mad Linx Tactics and Methods) in the amount of $3,796.16, ending with 1404 (for Lincoln Renwick II Tactics) in the amount of $1,573.58, and ending with 7511 (for Anthony Talavera) in the amount of $0.00;

8

(c) Defendant Renwick may utilize his Bank of America credit card ending with 1456, only to the extent that the balance never exceeds by more than $2000 the balance as of May 23, 2013;

(d) Defendant Renwick may use his PayPal account only for personal purposes and disc jockey services; and

(e) a countercheck, made out on May 23, 2013 and drawn on the account of Resort Solution Trust, in the amount of $2500, may be cashed for attorneys' fees by Andrew N. Cove.

### III.  DUTIES OF THIRD PARTY ASSET HOLDERS

**IT IS FURTHER ORDERED** that each financial institution, business entity, or person maintaining or having custody or control of any account or other Asset of any Defendant, or that at any time since January 1, 2008, has maintained or had custody of any such Asset, or any corporation, partnership, or other entity directly or indirectly owned, managed, or controlled by, or under common control with any Defendant, which is provided with a copy of this Stipulated PI Order, or otherwise has actual or constructive knowledge of this Stipulated PI Order, shall:

A.      Hold and retain within its control and prohibit the withdrawal, removal, assignment, transfer, pledge, hypothecation, encumbrance, disbursement,  dissipation, conversion, sale, liquidation, or other disposal of any of the Assets, funds, Documents, or other property held by or under its control, on behalf of any Defendant, or for the benefit or use of any Defendant, in whole or in part, except:

1.      As directed by further order of the Court;

2.      As directed in writing by the Temporary Receiver (regarding an asset belonging to, for the use or benefit of, under the control of, or subject to access by the Receivership Defendant); or

3.      By written stipulation of the Plaintiff and Defendants.

B.      Deny Defendants access to any safe deposit boxes, commercial mail boxes or storage facilities that are titled in the name, individually or jointly, of any Defendant, or otherwise subject to access by any Defendant;

C.      Provide to counsel for the Plaintiff, within five (5) business days of notice of this Stipulated PI Order, a sworn statement setting forth:

1.      The identification of each account or Asset titled in the name, individually or jointly, of any Defendant, or to which any Defendant is a signatory, or which is held on behalf of, or for the benefit or use of, any Defendant, or subject to any Defendant's control, including all trust accounts on behalf of any Defendant or subject to any Defendant's control;

2.      The balance of each such account, or a description and appraisal of the value of each such Asset, as of the close of business on the day on which notice of this Stipulated PI Order is received, and, if the account or Asset has been closed or removed, or more than $1000 withdrawn or transferred from it within the last ninety (90) days, the date of the closure or removal of funds, the total funds removed or transferred, and the name and account number of the Person or entity to whom such account, funds, or other Asset was remitted; and

3.      The identification and location of any safe deposit box, commercial

10

mail box, or storage facility that is either titled in the name, individually or jointly, of any Defendant, or is otherwise subject to access or control by any Defendant.  If the safe deposit box, commercial mail box, or storage facility has been closed within the last ninety (90) days, the date closed and the balance on said date;

D.      Within five (5) days of a request by Plaintiff, provide Plaintiff with copies of any records or other Documents pertaining to each such account or Asset, including, but not limited to, originals or copies of account applications, corporate resolutions, account statements, signature cards, checks, drafts, deposit tickets, transfers to and from the accounts, all other debit and credit instruments or slips, currency transaction reports, 1099 forms, and safe deposit box logs;

E.      Plaintiff may properly serve this Stipulated PI Order on any financial or brokerage institution, business entity or person that holds, controls or maintains custody of any account or Asset of any Defendant or has held, controlled or maintained custody of any account or Asset of any Defendant at any time since January 1, 2008, by facsimile transmission, hand delivery, or overnight carrier.

The Assets affected by this Section shall include both existing Assets and Assets acquired after the effective date of this Stipulated PI Order.

## IV.  FINANCIAL STATEMENTS AND INFORMATION

**IT IS FURTHER ORDERED** that, to the extent not previously completed and provided, each Defendant shall serve upon counsel for Plaintiff, within ten (10) days of service of this Stipulated PI Order:

A.      A completed financial statement, accurate as of the date of entry of this

Stipulated PI Order, for each Individual Defendant in the form of the "Financial Statement of Individual Defendant," and for the Corporate Defendant, in the form of the "Financial Statement of Corporate Defendant." The financial statements shall be accurate as of the date of entry of this Stipulated PI Order and verified under oath. Defendants shall attach to these completed financial statements copies of all local, state, provincial, and federal income and property tax returns, along with other attachments and schedules as called for by the instructions to the financial statements; and

B.    The name, address and telephone number of each accountant, financial planner, investment advisor, stock broker or other individual, corporation, or partnership whom they have used for financial, business or tax advice or services, since January 1, 2008.

## V.  PROHIBITION ON DISCLOSING CUSTOMER INFORMATION

**IT IS FURTHER ORDERED** that Defendants, and their officers, agents, servants, employees, attorneys, and all other Persons who are in active concert or participation with them, who receive actual notice of this Stipulated PI Order by personal service or otherwise, whether acting directly or indirectly, are hereby restrained and enjoined from:

A.    Selling, renting, leasing, transferring, or otherwise disclosing the name, address, birth date, telephone number, email address, Social Security number, credit card number, bank account number, or other financial or identifying personal information of any person from whom or about whom any Defendant obtained such information in connection with the sale or offering for sale of timeshare resale or rental services;

B.    Benefitting from or using the name, address, birth date, telephone

number, email address, Social Security number, credit card number, bank account number, or other financial or identifying personal information of any person from whom or about whom any Defendant obtained such information in connection with activities alleged in the Complaint.

*Provided however*, that Defendants may disclose such financial or identifying personal information to a law enforcement agency or as required by any law, regulation, or court order.

## VI.  MAINTAIN RECORDS AND REPORT NEW BUSINESS ACTIVITY

**IT IS FURTHER ORDERED** that Defendants, and their officers, agents, servants, employees, attorneys, and all other Persons who are in active concert or participation with them, who receive actual notice of this Stipulated PI Order by personal service or otherwise, whether acting directly or indirectly, are hereby restrained and enjoined from:

A.  Failing to create and maintain books, records, accounts, bank statements, accountants' reports, general ledgers, general journals, cash receipt ledgers, cash disbursement ledgers and source documents, documents indicating title to real or personal property, and any other data which, in reasonable detail, accurately, fairly, and completely reflect the incomes, disbursements, transactions, dispositions, and uses of the Defendants' Assets;

B.  Destroying, erasing, mutilating, concealing, altering, transferring, or otherwise disposing of, in any manner, directly or indirectly, any Documents, including electronically stored information, that relate in any way to the business practices or business

or personal finances of Defendants; to the business practices or finances of entities directly or indirectly under the control of Defendants; or to the business practices or finances of entities directly or indirectly under common control with any other Defendant; and

C.       Creating, operating, or exercising any control over any business entity, whether newly formed or previously inactive, including any partnership, limited partnership, joint venture, sole proprietorship, or corporation, without first providing Plaintiffs with a written statement disclosing: (1) the name of the business entity; (2) the address and telephone number of the business entity; (3) the names of the business entity's officers, directors, principals, managers, and employees; and (4) a detailed description of the business entity's intended activities.

## VII.  APPOINTMENT OF RECEIVER

**IT IS FURTHER ORDERED** that Burton Wiand is appointed as Receiver ("Receiver") for Defendant Resort Solution Trust, Inc., and any of its affiliates, subsidiaries, divisions, or sales operations, wherever located ("Receivership Defendant"), with the full power of an equity receiver.  The Receiver is directed and authorized to accomplish the following:

A.       Assume full control of the Receivership Defendant by removing, as the Receiver deems necessary or advisable, any director, officer, independent contractor, employee, or agent of the Receivership Defendant, including the Individual Defendants, from control of, management of, or participation in, the affairs of the Receivership Defendant. The Receiver shall, however, not interfere with or be privy to the defense of this action;

B.       Take custody, control, and possession of all Assets and Documents of,

14

or in the possession, custody or under the control of, the Receivership Defendant wherever situated and including, but not limited to, the business premises of the Receivership Defendant.  The Receiver shall have full power to divert mail and to sue for, collect, receive, take possession, hold and manage all Assets and Documents of the Receivership Defendant and other persons or entities whose interests are now held by or under the direction, possession, custody, or control of the Receivership Defendant.  *Provided, however*, that the Receiver shall not attempt to collect any amount from a consumer if the Receiver believes the consumer was a victim of unfair or deceptive acts or practices in the sale or offering for sale of timeshare resale or rental services, without prior Court approval;

C. Use any means necessary to take possession of and to secure each and every business premises of the Receivership Defendant.  Such steps may include, but are not limited to, any of the following, as the Receiver deems necessary or advisable: (1) serving this Stipulated PI Order; (2) completing a written inventory of all receivership Assets; (3) obtaining pertinent information from all employees and other agents of the Receivership Defendant, including, but not limited to, the name, home address, Social Security number, job description, passwords or access codes, method of compensation, and all accrued and unpaid commissions and compensation of each such employee or agent; (4) photographing and video taping any or all portions of the location; (5) securing the location by changing the locks and disconnecting any computer modems, servers, network access, or other means of access to the computer or other records maintained at that location; and (6) requiring any persons present on the premises at the time this Stipulated PI Order is served to leave the premises, to provide the Receiver with proof of identification, and to demonstrate to the

satisfaction of the Receiver that such persons are not removing from the premises Documents or Assets of the Receivership Defendant;

D.      Conserve, hold, and manage all Assets of the Receivership Defendant and perform all acts necessary or advisable to preserve the value of those Assets in order to prevent any irreparable loss, damage, or injury to consumers or creditors of the Receivership Defendant, including, but not limited to, obtaining an accounting of the assets and preventing unauthorized transfer, withdrawal, or misapplication of Assets, and including the authority to liquidate or close out any open securities or commodities futures positions of the Receivership Defendant;

E.      Enter into contracts and purchase insurance as advisable or necessary;

F.      Prevent the inequitable distribution of assets and determine, adjust, and protect the interests of consumers and creditors who have transacted business with the Receivership Defendant;

G.      Manage and administer the business of the Receivership Defendant until further order of this Court by performing all incidental acts that the Receiver deems to be advisable or necessary;

H.      Make payments and disbursements from the receivership estate that are necessary or advisable for carrying out the directions of, or exercising the authority granted by, this Stipulated PI Order.  The Receiver shall apply to the Court for prior approval of any payment of any debt or obligation incurred by the Receivership Defendant prior to the date of entry of this Stipulated PI Order, except payments that the Receiver deems necessary or advisable to secure assets of the Receivership Defendant, such as rental payments;

I. Determine and implement the manner in which the Receivership Defendant will comply with, and prevent violations of, this Stipulated PI Order and all other applicable laws;

J. Institute, compromise, adjust, appear in, intervene in, or become party to such actions or proceedings in state, federal, or foreign courts that the Receiver deems necessary and advisable to preserve or recover the Assets of the Receivership Defendant or that the Receiver deems necessary and advisable to carry out the Receiver's mandate under this Stipulated PI Order;

K. Defend, compromise, adjust, or otherwise dispose of any or all actions or proceedings instituted against the Receiver in his role as Receiver, or against the Receivership Defendant, as the Receiver deems necessary and advisable to preserve the Assets of the Receivership Defendant, or as the Receiver deems necessary and advisable to carry out the Receiver's mandate under this Stipulated PI Order;

L. Continue to conduct the business of the Receivership Defendant in such manner, to such extent, and for such duration as the Receiver may in good faith deem to be necessary or appropriate to operate the businesses profitably and lawfully, if at all; provided that the continuation and conduct of the business shall be conditioned upon the Receiver's good faith determination that the business can be lawfully operated at a profit using the Assets of the receivership estate;

M. Issue subpoenas to obtain Documents and records pertaining to the receivership, and conduct discovery in this action on behalf of the receivership estate;

N. Open one or more bank accounts as designated depositories for funds

of the Receivership Defendant.  The Receiver shall deposit all funds of the Receivership Defendant in such a designated account and shall make all payments and disbursements from the receivership estate from such an account.  The Receiver shall serve copies of monthly account statements on all parties;

O.      Maintain accurate records of all receipts and expenditures made as Receiver;

P.      Cooperate with reasonable requests for information or assistance from any state or federal law enforcement agency, including Plaintiff; and

Q.      File reports with the Court on a timely basis.

## VIII.  COOPERATION WITH THE RECEIVER

**IT IS FURTHER ORDERED** that

A.      Defendants, and their officers, agents, servants, employees, attorneys, and all other Persons who are in active concert or participation with them, who receive actual notice of this Stipulated PI Order by personal service or otherwise, whether acting directly or indirectly, shall fully cooperate with and assist the Receiver.  This cooperation and assistance shall include, but not be limited to:

1.      Providing any information to the Receiver that the Receiver deems necessary in order to exercise the authority and discharge the responsibilities of the Receiver under this Stipulated PI Order;

2.      Providing any password required to access any computer, electronic file, or telephonic data in any medium; and

3.      Advising all Persons who owe money to the Receivership Defendant

18

that all debts should be paid directly to the Receiver.

B.      Defendants and their officers, agents, servants, employees, attorneys, and all other Persons who are in active concert or participation with them, who receive actual notice of this Stipulated PI Order by personal service or otherwise, whether acting directly or indirectly, are hereby restrained and enjoined from:

1.      Transacting any of the business of the Receivership Defendant;

2.      Destroying, secreting, defacing, mutilating, concealing, altering, transferring, or otherwise disposing of any Document of the Receivership Defendant, including but not limited to books, records, tapes, discs, accounting data, checks (fronts and backs), correspondence, forms, advertisements, website designs and texts, telemarketing scripts or outlines, brochures, manuals, banking records, customer lists, customer files, customer payment histories, invoices, telephone records, ledgers, payroll records, or other Documents of any kind, including electronically stored information;

3.      Transferring, receiving, altering, selling, encumbering, pledging, assigning, liquidating, or otherwise disposing of any Asset owned, controlled, or in the possession or custody of, or in which an interest is held or claimed by, the Receivership Defendant, or the Receiver;

4.      Excusing debts owed to the Receivership Defendant;

5.      Failing to notify the Receiver of any Asset, including accounts, of the Receivership Defendant held in any name other than the name of the Receivership Defendant, or by any person or entity other than the Receivership Defendant, or

failing to provide any assistance or information requested by the Receiver in connection with obtaining possession, custody, or control of such Assets;

6.       Doing any act or refraining from any act whatsoever to interfere with the Receiver managing, or taking custody, control, or possession of, the Assets or Documents subject to this receivership; or to harass or interfere with the Receiver in any way; or to interfere in any manner with the exclusive jurisdiction of this Court over the Assets or Documents of the Receivership Defendant; or to refuse to cooperate with the Receiver or the Receiver's duly authorized agents in the exercise of their duties or authority under any order of this Court; or

7.       Filing, or causing to be filed, any petition on behalf of the Receivership Defendant for relief under the United States Bankruptcy Code, 11 U.S.C. § 101 *et. seq.,* without prior permission from this Court.

## IX.  COMPENSATION OF RECEIVER

**IT IS FURTHER ORDERED** that the Receiver is entitled to reasonable compensation for the performance of all duties pursuant to this Stipulated PI Order, and for the cost of actual out-of-pocket expenses incurred, solely from the Assets now held by, or in the possession or control of, or which may be received by the Receivership Defendant.  The Receiver shall file with the Court, and serve on the parties, periodic requests for the payment of such compensation, with the first such request due prior to sixty (60) days after the date of this Stipulated PI Order.  The Receiver shall not increase the Receiver's fee billed to the receivership estate without prior approval of the Court.

## X.  BOND

20

**IT IS FURTHER ORDERED** that the Receiver shall not be required to file a performance bond with the Clerk of this Court.

## XI.  ACCESS TO BUSINESS PREMISES AND DOCUMENTS

**IT IS FURTHER ORDERED** that Plaintiff, the Receiver, and their respective representatives, agents, contractors, and assistants are permitted, and the Defendants shall allow, reasonable access to any and all business premises or storage facilities of the Receivership Defendant.  The Receiver shall allow Plaintiff into such business premises and storage facilities and shall allow Plaintiff and its representatives, agents, contractors, and assistants to inspect and copy Documents relevant to any matter contained in this Stipulated PI Order.

Defendants and all agents or employees of Defendants shall provide counsel for Plaintiff and the Receiver with any necessary means of access to Documents, including, without limitation, the locations of Receivership Defendant's business premises, keys and combinations to business premises locks, computer access codes of all computers, including mobile devices, used to conduct Receivership Defendant's business, and storage area access information.

The Receiver and counsel for Plaintiff shall have the right to remove any Documents related to Defendants' business practices from the premises in order that they may be inspected and copied.  The materials so removed shall be returned within three (3) business days of completing said copying.

If any Asset or Document belonging to the Receivership Defendant is located at the residence of any Defendant or is otherwise in the custody or control of any Defendant, then

21

such Defendant shall produce the Asset or Document to the Receiver within twenty-four (24) hours of service of this Stipulated PI Order.

## XII.  DEFENDANTS' ACCESS TO PREMISES AND RECORDS

**IT IS FURTHER ORDERED** that the Receiver shall allow the Defendants and their representatives reasonable access to the premises of the Receivership Defendant.  The purpose of this access shall be to inspect and copy any and all Documents and other property owned by or in the possession of the Receivership Defendant, provided that those Documents and property are not removed from the premises.  The Receiver shall have the discretion to determine the time, manner, and reasonable conditions of such access.

## XIII.  DELIVERY OF RECEIVERSHIP PROPERTY

**IT IS FURTHER ORDERED** that, immediately upon service of this Order upon them, or within such time as may be permitted by the Receiver, Defendants, or any other Person or entity served with a copy of this Stipulated PI Order, shall transfer or deliver possession, custody and control of the following to the Receiver, to the extent not already provided:

A.  All Assets of the Receivership Defendant (including, but not limited to, desktop and laptop computers and network servers), including Assets subject to repatriation pursuant to Section XV, *infra*;

B.  All Documents of the Receivership Defendant, including, but not limited to, all financial and accounting records, balance sheets, income statements, bank records (including monthly statements, canceled checks, records of wire transfers, and check registers), customer lists, title documents, contracts, accounting data, written or electronic

correspondence, advertisements, computer tapes, disks, or other computerized records,

books, written or printed records, handwritten notes, telephone logs, telephone scripts,

membership records and lists, refund records, receipts, ledgers, personal and business

canceled checks and check registers, appointment books, copies of federal, state, or local

business, personal income, or property tax returns, and other Documents or records of any

kind that relate to the Receivership Defendant's business practices;

C.      All funds and other Assets belonging to members of the public now

held by the Receivership Defendant; and

D.      All keys, codes, and passwords, entry codes, combinations to locks, and

information or devices required to open or gain access to any Asset or Document, including,

but not limited to, access to their business premises, means of communication, accounts,

computer systems, or other property.

## XIV.  NON-COMPLIANCE WITH TRANSFERS OR DELIVERY

**IT IS FURTHER ORDERED** that, in the event any Person or entity fails to transfer

or deliver any Asset, Document, or other thing or otherwise fails to comply with any

provision of this Stipulated PI Order requiring the delivery of Assets, Documents or other

things, the Receiver may file *ex parte* an affidavit of non-compliance regarding the failure.

Upon filing of the affidavit, the Court may authorize, without additional process or demand,

writs of possession or sequestration or other equitable writs requested by the Receiver.  The

writs shall authorize and direct the United States Marshal or any sheriff or deputy sheriff of

any county, or any other federal, state, or local law enforcement officer, to seize the Asset,

Document, or other thing and to deliver it to the Receiver.

## XV.   REPATRIATION OF FOREIGN ASSETS AND DOCUMENTS

**IT IS FURTHER ORDERED** that, within five (5) business days following service

of this Stipulated PI Order, Defendants shall, to the extent not already done so:

A.      Repatriate to the United States all funds, Documents or Assets in foreign

countries held either: (1) by any Defendant; (2) for the benefit of any Defendant; or (3) under

the direct or indirect control, jointly or individually, of any Defendant;

B.      The same business day as any repatriation, (1) notify counsel for the Plaintiff

and the Receiver of the name and location of the financial institution or other entity that is

the recipient of such funds, Documents or Assets; and (2) serve this Stipulated PI Order on

any such financial institution or other entity;

C.      Provide the Plaintiff and the Receiver with a full accounting of all funds,

Documents, and Assets outside of the territory of the United States held either: (1) by the

Defendants; (2) for the Defendants' benefit; or (3) under the Defendants' direct or indirect

control, individually or jointly; and

D.      Provide Plaintiff with access to all records of accounts or Assets of

Defendants held by financial institutions whether located outside the territorial United States

or otherwise by signing the Consent to Release of Financial Records.

## XVI.   INTERFERENCE WITH REPATRIATION

**IT IS FURTHER ORDERED** that Defendants are hereby enjoined from taking any

action, directly or indirectly, which may result in the encumbrance or dissipation of foreign

Assets, or in the hindrance of the repatriation required by the preceding Section of this

Stipulated PI Order, including, but not limited to:

A.       Sending any statement, letter, fax, e-mail or wire transmission, or telephoning or engaging in any other act, directly or indirectly, that results in a determination by a foreign trustee or other entity that a "duress" event has occurred under the terms of a foreign trust agreement, until such time as all Assets have been fully repatriated pursuant to the preceding Section of this Stipulated PI Order; and

B.       Notifying any trustee, protector or other agent of any foreign trust or other related entities of either the existence of this Stipulated PI Order, or of the fact that repatriation is required pursuant to a Court Order, until such time as all Assets have been fully repatriated pursuant to the preceding Section of this Stipulated PI Order.

## XVII.  CREDIT REPORTS

**IT IS FURTHER ORDERED** that the Plaintiff may obtain credit reports concerning the individual Defendants, Lincoln Renwick II and Anthony Talavera, pursuant to Section 604(a)(1) of the Fair Credit Reporting Act, 15 U.S.C. § 1681b(a)(1), and that, upon written request, any credit reporting agency from which such report is requested shall provide it to the Plaintiff.

## XVIII.  DISTRIBUTION OF ORDER BY DEFENDANTS

**IT IS FURTHER ORDERED** that Defendants shall immediately provide a copy of this Stipulated PI Order to each affiliate, agent, partner, division, sales entity, successor, assignee, officer, director, employee, independent contractor, spouse, Internet web host or master, agent, attorney, and/or representative of Defendants and shall, within ten (10) days from the date of entry of this Stipulated PI Order, serve upon counsel for the Plaintiff a sworn statement that the Defendants have complied with this provision of this Stipulated PI

Order, which statement shall include the names and addresses of each such person or entity who has received a copy of the Stipulated PI Order.

## XIX.  STAY OF ACTIONS

**IT IS FURTHER ORDERED** that except by leave of this Court, during the pendency of the receivership ordered herein, the Defendants and all other persons and entities are hereby stayed from taking any action to establish or enforce any claim, right or interest for, against, on behalf of, in, or in the name of, the Receivership Defendant, or any of their subsidiaries, affiliates, partnerships, Assets, Documents, or the Receiver or the Receiver's duly authorized agents acting in their capacities as such, including, but not limited to, the following actions:

A.      Commencing, prosecuting, continuing or enforcing any suit or proceeding, except that such actions may be filed to toll any applicable statute of limitations;

B.      Accelerating the due date of any obligation or claimed obligation, filing, perfecting, or enforcing any lien; taking or attempting to take possession, custody or control of any Asset; attempting to foreclose, forfeit, alter, or terminate any interest in any Asset, whether such acts are part of a judicial proceeding, are acts of self-help, or otherwise, or setoff of any debt owing to the Receivership Defendant that arose before the date of this Stipulated PI Order against any claim against the Receivership Defendant;

C.      Doing any act or thing whatsoever to interfere with the Receiver taking custody, control, possession or management of the Assets or Documents subject to this receivership, or to harass or interfere with the Receiver in any way, or to interfere in any manner with the exclusive jurisdiction of this Court over the Assets and Documents of the

Receivership Defendant.

*Provided, however*, nothing in this Paragraph shall prohibit any law enforcement or regulatory authority from commencing or prosecuting an action against the Receivership Defendant to enforce such governmental unit's police or regulatory power;

*Provided further*, that, except as otherwise provided in this Stipulated PI Order, all persons and entities in need of documentation from the Receiver shall in all instances first attempt to secure such information by submitting a formal written request to the Receiver, and, if such request has not been responded to within thirty (30) days of receipt by the Receiver, any such person or entity may thereafter seek an order of this Court with regard to the relief requested.

## XX.   SERVICE OF THIS ORDER

**IT IS FURTHER ORDERED** that copies of this Stipulated PI Order may be distributed by U.S. first class mail, overnight delivery, facsimile, electronic mail, or personally by agents or employees of Plaintiff, by agents or employees of the Receiver, by any law enforcement agency, or by private process server, upon any person, financial institution, or other entity that may have possession or control of any property, property right, Asset or Document of any Defendant, or that may be subject to any provision of this Stipulated PI Order.  Service upon any branch or office of any financial institution or entity shall effect service upon the entire financial institution or entity.

## XXI.  CORRESPONDENCE WITH AND NOTICE TO PLAINTIFF

**IT IS FURTHER ORDERED** that, for purposes of this Stipulated PI Order, all correspondence and pleadings to the Federal Trade Commission shall be addressed to:

Harold E. Kirtz, Esq.
Federal Trade Commission
225 Peachtree Street, Suite 1500
Atlanta, Georgia 30303
(404) 656-1357 (telephone)
(404) 656-1379 (facsimile)

Notice may be provided by email to hkirtz@ftc.gov.

## XXII.  RETENTION OF JURISDICTION

**IT IS FURTHER ORDERED** that this Court shall retain jurisdiction over

this matter for all purposes.

**IT IS SO ORDERED,** this <u>11th</u> day of June, 2013, at 9:45 a.m.

VIRGINIA M. HERNANDEZ COVINGTON
UNITED STATES DISTRICT JUDGE

copies to: All counsel and parties of record