**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**TAMPA DIVISION**

**FEDERAL TRADE COMMISSION,**

      **Plaintiff,**

**v.**

                                  **Case No. 8:13-cv-1329-T-33TBM**

**RESORT SOLUTION TRUST, INC.**
**a Florida corporation,**

**LINCOLN RENWICK II, individually and as**
**owner, officer, or manager of Resort**
**Solution Trust, and**

**ANTHONY TALAVERA, individually and as**
**owner, officer, or manager of Resort**
**Solution Trust,**

      **Defendants.**
_____/

## DEFAULT JUDGMENT AND FINAL ORDER

The Federal Trade Commission ("FTC" or "Commission") commenced this action on May 20, 2013, by filing a complaint for a permanent injunction and other equitable relief pursuant to Sections 13(b) and 19 of the Federal Trade Commission Act ("FTC Act"), 15 U.S.C. §§ 53(b) and 57b, and the Telemarketing and Consumer Fraud and Abuse Prevention Act ("Telemarketing Act"), 15 U.S.C. §§ 6101-6108. The complaint alleges that Defendants Resort Solution Trust, Inc., Lincoln Renwick II, and Anthony Talavera violated Section 5(a) of the FTC Act, 15 U.S.C. § 45(a) and the Telemarketing Sales Rule ("TSR"), 16 C.F.R. Part 310, in connection with the marketing and sale of timeshare resale services through interstate telephone calls to consumers throughout the United States.

1

Defendant Resort Solution Trust, Inc., ("RST") was properly served with the complaint and summons (Doc. No. 36), but failed to plead or otherwise defend (Doc. No. 37).   On November 12, 2013, the Clerk entered default against Defendant (Doc. No. 38).  Plaintiff has moved the Court to enter a default judgment and final order, pursuant to Federal Rule of Civil Procedure 55(b)(2), on all counts of the Complaint against the Defendant RST.   Having considered the legal authority cited, the claims made in the Complaint, Defendant RST's failure to plead or otherwise defend after being properly served, and Plaintiff's instant application and memorandum of legal authority, the Court hereby **GRANTS** the Plaintiff's motion for a default judgment and final order against Defendant RST.

**IT IS THEREFORE ORDERED, ADJUDGED AND DECREED** as follows:

<u>FINDINGS</u>

1.      This is an action instituted under Sections 13(b) and 19 of the FTC Act, 15 U.S.C. §§ 53(b) and 57b; the Telemarketing Act, 15 U.S.C. §§ 6101-6108; and the TSR, 16 C.F.R. Part 310.  Pursuant to the statutes and regulations, Plaintiff has the authority to seek the relief it has requested.

2.      The complaint states a claim upon which relief may be granted against Defendant RST under Sections 5(a), 13(b), and 19 of the FTC Act, 15 U.S.C. §§ 45(a), 53(b), and 57b; the Telemarketing Act, 15 U.S.C. §§ 6101-6108; and the TSR, 16 C.F.R. Part 310.

3.      This Court has subject matter jurisdiction pursuant to 28 U.S.C. §§ 1331, 1337(a), and 1345, and 15 U.S.C. §§ 45(a) and 53(b) and jurisdiction over Defendant RST.

4.      Venue is proper in this district under 28 U.S.C. § 1391(b) and (c), and 15 U.S.C. § 53(b).

5.      The activities alleged in the complaint are or were "in or affecting commerce" as "commerce" is defined in Section 4 of the FTC Act, 15 U.S.C. § 44.

6.      Defendant RST was properly served with process, as required by Fed. R. Civ. P. 4, and failed to plead or otherwise defend within the time set forth in Fed. R. Civ. P. 12(a).

7.      An Entry of Default was properly entered by the Clerk against Defendant RST on November 12, 2013.

8.      The factual allegations of the Complaint are taken as true because a default has been entered against Defendant RST.  Those allegations establish that Defendant RST has engaged in a plan, program, or campaign to deceptively advertise, market, promote, offer for sale, or sell timeshare resale services through interstate telephone calls to consumers throughout the United States in violation of Section 5 of the FTC Act and the TSR.

9.      In connection with the advertising, marketing, promotion, offering for sale, or sale of their timeshare resale services, Defendants have violated Section 5(a) of the FTC Act, 15 U.S.C. § 45(a) and the TSR, 16 C.F.R. § 310.3(a)(4), by falsely representing, directly or indirectly, expressly or by implication, that Defendants have a buyer for the consumer's timeshare property who will pay a specified price, or that Defendants will quickly sell the consumer's timeshare.

10.      In connection with telemarketing, Defendants have initiated, or caused others to initiate, an outbound telephone call to a person's telephone number on the National Do Not Call Registry in violation of the TSR, 16 C.F.R. § 310.4(b)(1)(iii)(B).

11.      In connection with telemarketing, Defendants have initiated, or caused others to initiate, an outbound telephone call to a telephone number within a given area code when

Defendants had not, either directly or through another person, paid the required annual fee for access to the telephone numbers within that area code that are included in the National Do Not Call Registry in violation of the TSR, 16 C.F.R. § 310.8.

12.     Defendant are likely to continue in the acts and practices alleged in the Complaint unless they are permanently enjoined form such acts and practices

13.     Thus, it is proper in this case to enter equitable monetary relief against Defendant RST for its violations of the FTC Act and the TSR.

14.     For the period from January 1, 2009, through May 20, 2013, Defendant's revenues from the conduct alleged in the complaint was $6,488,856.

15.     Plaintiff is therefore entitled to equitable monetary relief against Defendant RST in the amount of $6,488,856.

16.     This Final Order is in addition to, and not in lieu of, any other civil or criminal remedies that may be provided by law.

17.     Entry of this Final Order is in the public interest.

## DEFINITIONS

1.     **"Individual Defendants"** means Lincoln Renwick II and Anthony Talavera and by whatever other names they may be known.

2.     **"Corporate Defendant"** or **"Receivership Defendant"** means Resort Solution Trust, Inc., and its successors and assigns, as well as any subsidiaries, and any fictitious business entities or business names created or used by this entity.

3.     **"Defendants"** means the Individual Defendants and the Corporate Defendant, individually, collectively, or in any combination.

4.      **"Person"** means a natural person, business structure, organization or other legal entity, including a corporation, partnership, sole proprietorship, limited liability company, association, cooperative, trust, subsidiary, division or any other group or combination acting as an entity.

5.      **"Telemarketing"** means any plan, program, or campaign which is conducted to induce the purchase of goods or services or a charitable contribution by use of one or more telephones, whether or not covered by the Telemarketing Sales Rule.

6.      **"Timeshare"** means any right of ownership or occupancy in any vacation property or properties (including, but not limited to, condominiums, resorts, campgrounds, and cruise ships) that provides rights-holders with periodic usage or occupancy rights.  The term also includes "point-based" programs that provide similar ownership or occupancy benefits.

7.      **"Timeshare Resale Service"** means any good, service, plan or program represented, expressly or by implication, to assist an individual in advertising, marketing, promoting, offering for sale, or selling an individual's Timeshare.

## **FINAL ORDER**

### I.      **PERMANENT BAN ON TELEMARKETING**

IT IS THEREFORE ORDERED that Corporate Defendant, whether acting directly or indirectly, is hereby permanently restrained and enjoined from engaging in, participating in, or assisting others in Telemarketing.

### II.     **PERMANENT BAN ON TIMESHARE RESALE SERVICES**

IT IS FURTHER ORDERED that Corporate Defendant, whether acting directly or indirectly, is hereby permanently restrained and enjoined from advertising, marketing,

promoting, offering for sale, or selling, or assisting others in advertising, marketing, promoting, offering for sale, or selling, any Timeshare Resale Service.

### III.    PROHIBITED PRACTICES RELATING TO ANY GOODS OR SERVICES

IT IS FURTHER ORDERED that Corporate Defendant, its officers, agents, servants, employees, and attorneys, and all other Persons in active concert or participation with it who receive actual notice of this Final Order by personal service or otherwise, whether acting directly or indirectly, in connection with the advertising, marketing, promotion, offering for sale, or sale of any good or service, are hereby permanently restrained and enjoined from misrepresenting, or assisting others in misrepresenting, directly or indirectly, expressly or by implication, any material fact, including, but not limited to:

A.    the total cost to purchase, receive, or use the good or service;

B.    any material restriction, limitation, or condition to purchase, receive, or use the good or service;

C.    any material aspect of the nature or terms of a refund, cancellation, exchange, or repurchase policy for the good or service; and

D.    any material aspect of the performance, efficacy, nature, or central characteristic of the good or service.

### IV.    PROHIBITION AGAINST VIOLATING THE TELEMARKETING SALES RULE

IT IS FURTHER ORDERED that Corporate Defendant, its officers, agents, servants, employees, and attorneys, and all other persons in active concert or participation with any of them who receive actual notice of this Final Order by personal service or otherwise, whether acting directly or indirectly, in connection with the advertising, marketing, promotion,

offering for sale, or sale of any good or service, are hereby permanently restrained and enjoined from violating or assisting others in violating any provision of the Telemarketing Sales Rule ("TSR"), 16 C.F.R. Part 310, including, but not limited to:

A.     Section 310.3(a)(4) of the TSR, 16 C.F.R. §310.3(a)(4), by making false or misleading statements to induce consumers to pay for goods or services;

B.     Section 310.4(b)(1)(iii)(B) of the TSR, 16 C.F.R. §310.4(b)(1)(iii)(B), by initiating, or causing others to initiate, an outbound telephone call to a person's telephone number on the National Do Not Call Registry; and

C.     Section 310.8 of the TSR, 16 C.F.R. §310.8, by initiating, or causing others to initiate, an outbound telephone call to a telephone number within a given area code when Defendants had not, either directly or through another person, paid the required annual fee for access to the telephone numbers within that area code that are included in the National Do Not Call Registry.

## V.     PROHIBITION ON COLLECTING ON ACCOUNTS

IT IS FURTHER ORDERED that Corporate Defendant, its officers, agents, servants, employees, and attorneys, and all other persons in active concert or participation with any of them who receive actual notice of this Final Order by personal service or otherwise, whether acting directly or indirectly, are hereby permanently restrained and enjoined from attempting to collect, collecting, or assigning any right to collect payment from any consumer who purchased or agreed to purchase any of Corporate Defendant's goods or services, where the purported authorization for the alleged sale occurred prior to the entry of this Final Order.

## VI.     MONETARY JUDGMENT AND CONSUMER REDRESS

IT IS FURTHER ORDERED that:

A.      Judgment in the amount of $6,488,856 is entered in favor of the Federal Trade Commission and against Defendant Resort Solution Trust, Inc., as equitable monetary relief. This monetary judgment shall become immediately due and payable by Corporate Defendant upon entry of this Final Order.

B.      All monies paid to the Commission pursuant to this Final Order shall be deposited into a fund administered by the Commission or its designee to be used for equitable relief, including consumer redress and any attendant expenses for the administration of any redress fund.  If a representative of the Commission decides that direct redress to consumers is wholly or partially impracticable or money remains after the redress is completed, the Commission may, in its discretion, apply any remaining money for such other equitable relief (including consumer information remedies) as it determines to be reasonably related to Defendant's practices alleged in the Complaint.  Any money not used for such equitable relief is to be deposited to the U.S. Treasury as disgorgement.

C.      No portion of any payment under the Judgment herein shall be deemed a payment of any fine, penalty or punitive assessment.

## VII.    CUSTOMER INFORMATION

IT IS FURTHER ORDERED that Corporate Defendant, its officers, agents, servants, employees, and attorneys, and all other persons in active concert or participation with any of them who receive actual notice of this Final Order by personal service or otherwise, whether acting directly or indirectly,  are hereby permanently restrained and enjoined from:

A.      Failing to provide sufficient customer information to enable the Commission

to efficiently administer consumer redress.  If a representative of the Commission requests in writing any information related to redress, Corporate Defendant must provide it, in the form prescribed by the Commission, within 14 days.

B.      Disclosing, using, or benefitting from customer information including, but not limited to, the name, address, telephone number, email address, social security number, other identifying information, or any data that enables access to a customer's account (including a credit card, bank account, or other financial account), that any Defendant obtained prior to entry of this Final Order in connection with advertising, marketing, promotion, offering for sale or sale of any timeshare resale service; and

C.      Failing to destroy such customer information in all forms in their possession, custody, or control within thirty (30) days after receipt of written direction to do so from a representative of the Commission.  Destroying shall be by means that protect against unauthorized access to the customer information, such as by burning, pulverizing, or shredding any papers, and by erasing or destroying any electronic media, to ensure that the customer information cannot practicably be read or reconstructed.

*Provided, however,* that customer information need not be disposed of, and may be disclosed, to the extent requested by a government agency or required by a law, regulation, or court order.

## VIII.   TURNOVER OF ASSETS

IT IS FURTHER ORDERED that in order to partially satisfy the monetary judgment set forth in Section VI above, any law firm, financial or brokerage institution, escrow agent, title company, commodity trading company, automated clearing house, payment processor,

person, or entity served with a copy of this Final Order, that holds, controls or maintains custody of any account or asset of, on behalf of, or for the benefit of Corporate Defendant, shall turn over all such funds or assets to the Receiver within ten (10) business days of receiving notice of this Final Order by any means, including but not limited to via email or facsimile.

## IX.   **LIFTING OF ASSET FREEZE**

IT IS FURTHER ORDERED that the freeze of Corporate Defendant's assets shall be lifted for the sole purpose of transferring funds and assets pursuant to Sections VI  and VIII above and shall be dissolved only upon transfer of all such funds owed to Plaintiff.  A third party shall be entitled to rely upon a letter from Plaintiff stating that the freeze on the assets of Corporate Defendant has been lifted.

## X.   **RECEIVERSHIP**

IT IS FURTHER ORDERED that:

A.    Except as modified by this Section, the receivership imposed by this Court shall continue as set forth in the Order of Preliminary Injunction entered on June 11, 2013.  Doc. No. 21.

B.    The Receiver shall take all steps necessary to immediately wind down the affairs and liquidate the assets of Receivership Defendant, from wherever and in whatever form they may be located.

C.    The Receiver shall continue to be entitled to compensation for the performance of his duties pursuant to this Final Order from the assets of Receivership Defendant, at the billing rate previously agreed to by the Receiver.  Within thirty (30) days after entry of this

Final Order, and every thirty (30) days thereafter until completed, the Receiver shall file with the Court an accounting and request for the payment of such reasonable compensation.

D.       Upon the liquidation of any asset held by or surrendered to the Receiver, the Receiver shall, at the FTC's request, immediately transfer all funds to the FTC or its designated representative in partial satisfaction of the judgment pursuant to Section VI of this Final Order. The Receiver is authorized to withhold a reasonable sum, not to exceed ten (10)% of the then-current liquid assets for costs, fees and expenses.

E.       Upon approval of the Receiver's final report and request for payment, but no later than 90 days after entry of this Final Order,  the receivership shall be terminated, and all funds remaining after payment of the Receiver's final approved payment shall be remitted immediately to the FTC or its designated representative.

F.       Within five (5) days of termination of the receivership, the Receiver shall return all records of Receivership Defendant in his possession relating to their financial affairs to Individual Defendants so that they may prepare and file all necessary corporate and individual tax returns.   The Receiver is also directed to promptly turn over to Plaintiff all records containing the customer information described in Section VII of this Final Order.

## XI.       **ORDER ACKNOWLEDGMENTS**

IT IS FURTHER ORDERED that Corporate Defendant obtain acknowledgments of receipt of this Final Order:

A.       Corporate Defendant, within 7 days of entry of this Final Order, must submit to Plaintiff an acknowledgment of receipt of this Final Order sworn under penalty of perjury.

B.       For 20 years after entry of this Final Order, Corporate Defendant must

deliver a copy of this Final Order to: (1) all principals, officers, and directors; (2) all employees, agents, and representatives who participated in timeshare resale activities; and (3) any business entity resulting from any change in structure as set forth in the Section entitled Compliance Reporting.  Delivery must occur within 7 days of entry of this Final Order for current personnel. For all others, delivery must occur before they assume their responsibilities.

C.      From each individual or entity to which Corporate Defendant delivered a copy of this Final Order, Corporate Defendant must obtain, within 30 days, a signed and dated acknowledgment of receipt of this Final Order.

## XII.   COMPLIANCE REPORTING

IT IS FURTHER ORDERED that Corporate Defendant make timely submissions to the Commission:

A.      One year after entry of this Final Order, Corporate Defendant must submit a compliance report, sworn under penalty of perjury.

1.   Corporate Defendant must:  (a) designate the primary physical, postal, and email address and telephone number, as designated points of contact, which representatives of the Commission may use to communicate with Corporate Defendant; (b) identify all of Corporate Defendant's businesses by all of their names, telephone numbers, and physical, postal, email, and Internet addresses; (c) describe the activities of each business, including the goods and services offered, the means of advertising, marketing, and sales, and the involvement of any other Defendant; (d) describe in detail whether and how Corporate Defendant is in compliance with each Section of this Final Order;

and (e) provide a copy of each Order Acknowledgment obtained pursuant to this Final Order, unless previously submitted to the Commission;

B.      For twenty (20) years after entry of this Final Order, Corporate Defendant must submit a compliance notice, sworn under penalty of perjury, within 14 days of any change in the following:

1.   Corporate Defendant must report any change in:  (a) any designated point of contact; or (b) its structure or any entity Corporate Defendant has any ownership interest in or controls directly or indirectly that may affect compliance obligations arising under this Final Order, including: creation, merger, sale, or dissolution of the entity or any subsidiary, parent, or affiliate that engages in any acts or practices subject to this Final Order.

C.      Corporate Defendant must submit to the Commission notice of the filing of any bankruptcy petition, insolvency proceeding, or any similar proceeding by or against such Defendant within 14 days of its filing.

D.      Any submission to the Commission required by this Final Order to be sworn under penalty of perjury must be true and accurate and comply with 28 U.S.C. § 1746, such as by concluding:  "I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.  Executed on:_____" and supplying the date, signatory's full name, title (if applicable), and signature.

E.      Unless otherwise directed by a Commission representative in writing, all submissions to the Commission pursuant to this Final Order must be emailed to DEbrief@ftc.gov or sent by overnight courier (not the U.S. Postal Service) to:  Associate

Director for Enforcement, Bureau of Consumer Protection, Federal Trade Commission, 600 Pennsylvania Avenue NW, Washington, DC  20580.  The subject line must begin:  FTC v. Resort Solution Trust, Inc., File Number X130047.

## XIII.   RECORD KEEPING

IT IS FURTHER ORDERED that Corporate Defendant must create certain records for 20 years after entry of the Final Order, and retain each such record for 5 years.  Specifically, Corporate Defendant, in connection with the advertising, marketing, promotion, offering for sale, and sale of any goods or services, must create and retain the following records:

A.      Accounting records showing the revenues from all goods or services sold;

B.      Personnel records showing, for each person providing services, whether as an employee or otherwise, that person's: name, addresses, and telephone numbers; job title or position; dates of service; and, if applicable, the reason for termination;

C.      Records of all consumer complaints and refund requests, whether received directly or indirectly, such as through a third party, and any response;

D.      All records necessary to demonstrate full compliance with each provision of this Final Order, including all submissions to the Commission; and

E.      A copy of each unique advertisement or other marketing material.

## XIV.   COMPLIANCE MONITORING

IT IS FURTHER ORDERED that, for the purpose of monitoring Corporate Defendant's compliance with this Final Order:

A.      Within 14 days of receipt of a written request from a representative of the Commission, Corporate Defendant must: submit additional compliance reports or other

requested information, which must be sworn under penalty of perjury; appear for depositions; and produce documents, for inspection and copying.  The Commission is also authorized to obtain discovery, without further leave of court, using any of the procedures prescribed by Federal Rules of Civil Procedure 29, 30 (including telephonic depositions), 31, 33, 34, 36, 45, and 69.

B.     For matters concerning this Final Order, the Commission is authorized to communicate directly with Corporate Defendant.  Corporate Defendant must permit representatives of Plaintiff to interview any employee or other person affiliated with any Defendant who has agreed to such an interview.  The person interviewed may have counsel present.

C.     The Commission may use all other lawful means, including posing, through its representatives, as consumers, suppliers, or other individuals or entities, to Corporate Defendant or any individual or entity affiliated with Corporate Defendant, without the necessity of identification or prior notice.  Nothing in this Final Order limits the Commission's lawful use of compulsory process, pursuant to Sections 9 and 20 of the FTC Act, 15 U.S.C. §§ 49, 57b-1.

## XV.     RETENTION OF JURISDICTION

IT IS FURTHER ORDERED that this Court retains jurisdiction of this matter for purposes of construction, modification, and enforcement of this Final Order.

**DONE** and **ORDERED** in Tampa, Florida on this <u>18th</u> day of December, 2013.

VIRGINIA M. HERNANDEZ COVINGTON
UNITED STATES DISTRICT JUDGE